No. ——

First Circuit

——

## SIMS v. WEST
## LAWSON, ET AL, Intervenors

——

(December 6, 1927. Opinion and Decree.)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Parties—Par. 17.**

It is not necessary that the vendor of real property be made a party in a suit between his recorded vendee and other parties in order to prove title to the property.

2. **Louisiana Digest—Evidence—Par. 337, 340, 352.**

Two receipts and acknowledgments signed by the vendor in an oral agreement by which the ground is identified and receipt of all of purchase price acknowledged together with corroborating evidence is sufficient to prove sale of immovable property to the vendees and payment therefor.

3. **Louisiana Digest—Evidence—Par. 208.**

Proof of signature is sufficient where the signer does not deny signature but merely contends that receipt was signed by his making his mark whereas his genuine signature was by mechanically writing his name.

Appeal from the District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Aroe Sims against Robert West; A. J. Lawson et al., Intervenors.

There was judgment for defendant and intervenors and plaintiff appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Clyde C. Ratcliff, of Baton Rouge, attorney for defendant and intervenors, appellee.

ELLIOTT, J. Aroe Sims brought a petitory action against Robert West, praying to be recognized as the owner, and as such placed in possession of the lot of ground described in his petition, with the buildings and improvements thereon. In the alternative, and in the event it was held by the court that he and the defendant were joint owners under the title which he adduced for the ground in question, he prayed in that event that a partition of the same be ordered between him and the defendant.

Robert West, for answer, denied that plaintiff had any interest in the property in question. He alleges that the ground had been purchased from R. A. Hart, and under and by virtue of an oral agreement between the plaintiff and defendant and William West and about thirty-five others. That under the agreement a Baptist church was to be organized, by name the Antioch Baptist Church, and when the title was obtained from Mr. Hart, they were to have him convey the ground direct to the church. That the title advanced by the plaintiff had been obtained by him in fraud of said agreement. He prays that the demand of the plaintiff be rejected.

A. J. Lawson and twenty-six others intervened in the suit. They allege themselves to be the members of the voluntary unincorporated association, by name An-tioch Baptist Church. That they, as members of said association, are the owners and possessors of the property in question, and joined the defendant in his allegations and in resisting the plaintiffs' demand. They aver that the property in question was purchased from Mr. Hart by plaintiff and defendant and William West under and by virtue of an agreement between them and intervenors whereby it was agreed that when title to the ground was obtained from Mr. Hart it was to be passed direct from him to the intervenors in behalf of the Antioch Baptist Church when organized.

That said church had been organized and the members thereof had refunded to plaintiff and defendant all that they had expended in buying said property. That they had erected a church building thereon and were in possession of the same as owners. That said Sims had ceased to be a member of the church and had obtained the title in his own name and that of Robert West in fraud of their said arrangement.

They prayed for recognition as owners of the property and permitting them to remain in possession of the same.

There was judgment in favor of the intervenors as prayed for, and the plaintiff appealed.

The plaintiff contends that the intervenors can not be recognized as the owners of the property under the title executed by Mr. Hart, because Mr. Hart is not a party to the suit.

It is true that defendant and intervenors allege and contend as witnesses that under the agreement between plaintiff and defendant and intervenors the title was to be passed from Mr. Hart direct to intervenors, but they do not allege nor does

it appear from the evidence that Mr. Hart was a party to that arrangement. An extract from his book showing the account he kept with Aroe Sims and Robert West in regard to the lot in question does not indicate that the church was interested in the matter. The account shows that the lot was paid for in March and April, 1921. It appears that Mr. Hart dealt only with Aroe Sims and Robert West and that he was not a party to any agreement whereby title was to pass from him to the church. Such being the case the title that he made cannot be changed, but nothing prevents Robert West and intervenors from showing by proper evidence that the intervenors are the owners and possessors of all the rights of Aroe Sims in the property in question.

Mr. Hart is not interested in that question and no reason exists why he should be made a party to the suit.

The evidence shows that plaintiff was not present when the title was signed by Mr. Hart, and did not request that it be made in favor of himself and Robert West, therefore he is not guilty of fraud in having it done; but he is guilty of fraud in his effort to take advantage of the fact that he was named as one of the vendees, when he well knew and knows that he has no real interest in the property and that same justly and equitably belongs to intervenors as alleged by them and the defendant.

Of course the ownership of the property by intervenors as members of the Antioch Baptist Church can not be established under the pleadings except by written evidence sufficient for the purpose, but the evidence appears.

It consists of two receipts and acknowledgments in writing signed by Aroe Sims in which he acknowledges that all 'sums expended by him in buying ground, identified by the evidence as the ground in question and the identical lot described in the title from Mr. Hart, had been refunded to him by the members of the Antioch Baptist Church. One of the receipts bears date July 5th, 1924. The other is not dated, but it is evidently earlier in point of execution than the other. These receipts show on their face sufficient identity with the property in question, the one bearing no date, more fully than the one dated, which, in connection with the other evidence received on the subject, shows clearly that plaintiff, a member of the church at the time, accepted the return of all the money he had expended in buying the ground from Mr. Hart for the reason that such was the intention of himself and the defendant and intervenors to get the property for the church, at the time they entered into a contract with Mr. Hart for the purchase of the same. The ownership of the lot by the membership of Antioch Baptist Church is indicated by the receipts and the evidence explaining how they came to be signed, etc.

Plaintiff signed both the receipts by making his mark, and on the trial he did not deny signing the receipts, but nevertheless contended that the mark adduced against him was not his genuine signature because he signed his name by writing it. He has learned to write his name mechanically, but the evidence shows that he signed these receipts by making his mark, and that his signature as thereto made and appearing is in both cases genuine and correct. As between plaintiff and defendant and intervenors, these written receipts and acknowledgments sufficiently constitute and establish that intervenors, as members of Antioch Baptist Church, have acquired all the rights, title and in-

terest of Aroe Sims in the property in question. His action must therefore fail. The judgment appealed from is correct.

Judgment affirmed, plaintiff and appellant to pay the cost in both courts.